# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

KERRY J. NEELY                                                  PLAINTIFF

v.                          No. 3:17-cv-282-DPM

ARKANSAS DEPARTMENT OF
COMMUNITY CORRECTION;
SUSAN FRANCIS, Training Academy
Supervisor, in her Individual and
Official Capacity; SHEILA SHARP,
Director, in her Individual and Official
Capacity; and JOHN DOES I–IV                  DEFENDANTS

## ORDER

1. Neely has sued ADCC alleging employment discrimination. She says that she was denied accommodation and terminated because of her disability. ADCC and its administrators have moved to dismiss her complaint. This Court confronted similar circumstances in *Trickey v. Selig*, 2012 WL 3245956 (E.D. Ark. 8 Aug. 2012).

2. The damages claims, individual-capacity claims, and Title II claims fail. First, Title I did not validly abrogate state sovereign immunity. *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356 (2001). Neely's remedies are limited to reinstatement or injunctive relief. Second, ADA rules apply to employers, not their employees. *Trickey*, 2012 WL 3245956 at *2; *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999). So Francis and Sharp aren't on

the hook here. Third, Title II applies to government outputs, not inputs; it doesn't create a separate right of action for employment discrimination. *Trickey*, 2012 WL 3245956 at *1; *Zimmerman v. Oregon Department of Justice*, 170 F.3d 1169, 1173–75 (9th Cir. 1999). And, even if it did, damages would still not be available. *Alsbrook*, 184 F.3d at 1010.

3. Neely's official-capacity Title I and due process claims survive. Rule 8 requires a short and plain statement of the facts; and Neely pleaded with admirable concision. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). She says that she showed her doctor's statement to ADCC before they denied her accommodation and fired her. That's a claim under Title I of the ADA. And it's too early to say, for certain, that the due process claim fails. That depends on how much overlap there is. *Alsbrook*, 184 F.3d at 1010–11; *Grey v. Wilburn*, 270 F.3d 607, 610–11 (8th Cir. 2001). ADCC's motion is therefore denied with prejudice as to the official-capacity Title I claim and without prejudice as to the due process claim.

\* \* \*

Motion, № 7, partly granted and partly denied.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

13 February 2018

-2-